UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

BOBBY V. PHARR                                                                                              PLAINTIFF

VERSUS                                                             CIVIL ACTION NO. 1:21CV239-TBM-RPM

M. WEST et al                                                                                            DEFENDANTS

## REPORT AND RECOMMENDATIONS

Plaintiff Bobby V. Pharr, proceeding *pro se* and *in forma pauperis*, filed on July 14, 2021, a 42 U.S.C. § 1983 prisoner civil rights complaint alleging excessive force and other constitutional violations in connection with his arrest of December 22, 2020. Doc. [1] [10]. On April 13, 2022, the Court entered an order setting this matter for a screening hearing to be conducted on May 17, 2022. Doc. [21]. The order and notice of hearing were mailed to Plaintiff at his address of record at the Harrison County Adult Detention Center (HCADC). The mail containing the order setting hearing and notice of hearing was later returned undelivered. Doc. [23]. The undersigned notes that on three prior occasions mail sent to Plaintiff's HCADC address was returned undelivered. *See* Doc. [14] [15] [18]. As the docket reflects, Plaintiff has been advised repeatedly that it is his responsibility to advise the Court of a change of address and that failure to do so may result in dismissal of his lawsuit. *See* Doc. [2] [3] [7] [9] [11] [12].

On May 17, 2022, the Court conducted the screening hearing as scheduled. The undersigned called Plaintiff's case. Counsel for Defendant was present; however, Plaintiff was not present in the courtroom. Prior to the hearing, Amanda Clark with the Harrison County Sheriff's Department communicated with the Court and advised that Plaintiff was released to the Mississippi Department of Corrections on January 27, 2022, and he is no longer in custody.

Plaintiff's name was called three times inside the courtroom and three times outside the courtroom entrance, but with no response. Front entrance security advised the Court that Plaintiff had not entered the building. Based on the foregoing, the Court finds that Plaintiff has failed to maintain a current address of record. The undersigned concludes that Plaintiff is no longer interested in pursuing his lawsuit. Accordingly, his complaint should be dismissed for failure to prosecute.

## RECOMMENDATION

The undersigned recommends that Plaintiff Bobby V. Pharr's 42 U.S.C. § 1983 prisoner civil rights complaint be dismissed without prejudice based on his failure to prosecute.

## NOTICE OF RIGHT TO APPEAL/OBJECT

Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to this report must serve and file written objections within fourteen (14) days after being served with a copy unless the time period is modified by the District Court. A party filing objections must specifically identify those findings, conclusions and recommendations to which objections are being made; the District Court need not consider frivolous, conclusive, or general objections. Such party shall file the objections with the Clerk of the Court and serve the objections on the District Judge and on all other parties. A party's failure to file such objections to the proposed findings, conclusions and recommendation contained in this report shall bar that party from a de novo determination by the District Court. Additionally, a party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in this report within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions that have been accepted

by the district court and for which there is no written objection. *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

SO ORDERED AND ADJUDGED, this the 18th day of May 2022.

/s/ *Robert P. Myers, Jr.*
ROBERT P. MYERS, JR.
UNITED STATES MAGISTRATE JUDGE